UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UTICA MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 04C1206 |
| v. | ) ) | Honorable Matthew F. Kennelly |
| THE DAVID AGENCY INSURANCE, INC.; DAVID MEILAHN; and G.F. MANN AGENCY, LTD., | ) ) ) ) | |
| Defendants. | ) | |

**DOCKETED**
MAR 2 2004

| | |
|---|---|
| THE DAVID AGENCY INSURANCE, INC. and DAVID MEILAHN, | ) ) ) |
| Counter - Plaintiffs, | ) ) |
| v. | ) ) |
| UTICA MUTUAL INSURANCE COMPANY, | ) ) ) |
| Counter – Defendant | ) ) |
| and | ) ) |
| G.F. MANN AGENCY, LTD., | ) ) |
| Cross – Defendant. | ) |

**FILED**

MAR 0 1 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNTERCLAIM AND CROSS CLAIM FOR DECLARATORY JUDGMENT AND OTHER RELIEF

The David Agency Insurance, Inc., and David Meilahn (collectively, the "David

Insureds"), for their Counterclaim and Cross Claim for Declaratory Judgment and Other Relief,

hereby state as follows:

## NATURE OF THE ACTION

1.     This is an action to obtain a declaration of the parties' rights and obligations under insurance policy No. BOP 1970612 (the "Utica Policy") and policy No. CULP 1970613 (the "Utica Umbrella Policy") (collectively, the "Utica Policies"), issued by Utica Mutual Insurance Company ("Utica") to the David Insureds.

## THE PARTIES

2.     Counter-plaintiff the David Agency Insurance, Inc. is an Illinois corporation with its principal place of business in Illinois.

3.     Counter-plaintiff David Meilahn is a resident of the State of Illinois.

4.     Counter-Defendant Utica is a New York corporation with its principal place of business in New York.

5.     Cross-Defendant G.F. Mann Agency, Ltd.  ("Mann") is an Illinois corporation with its principal place of business in Illinois.  No relief is sought against Mann, but Mann is named herein as a necessary and interested party and should be bound by any judgment entered herein.

## THE UNDERLYING ACTION

6.     On July 27, 2000, Mann sued the David Insureds in an action captioned *G.F. Mann Agency, Ltd. v. The David Agency Insurance, Inc., Mann/David Agency, LLC and David Meilahn*, No. 00L00724 (Circuit Court of DuPage County, Illinois) (the "Mann Litigation").

7.     Mann filed a complaint on July 27, 2000, a copy of which is attached to Utica's Complaint as Exhibit B.

8.    Mann filed an amended complaint in the Mann Litigation on February 16, 2001 (the "Amended Complaint"), attached hereto as Exhibit A.

9.    In the Amended Complaint, attached hereto as Exhibit A, Mann alleged a cause of action in Count I of the Amended Complaint under the Illinois Consumer Fraud and Deceptive Trade Practices Act and specifically plead that the David Insureds:

> falsely misled and deceived through notification to various overseas and domestic brokers, customers and vendors of [Mann] . . . including but not limited to wrongly informing customers that: (a) [Mann] had in fact sold its broker business to a corporation exclusively controlled by the David Agency; (b) that [Mann] was losing business; (c) that [Mann] had given a 49% share in a joint venture to the MANN/DAVID AGENCY; (d) that [Mann] and Defendants consolidated operations; (e) that consumer corporations had canceled contracts with the MANN AGENCY; and (f) that the Defendants were taking over [Mann's] business.

(Exhibit A at para 20).

10.    In the Amended Complaint, Mann alleged a cause of action in Count II for "Invasion of Privacy – Defamation" and specifically pled that the David Insureds published material that disparaged Mann's goods, products or services.  (Exhibit A at para 26).

11.    In the Amended Complaint, Mann alleged a cause of action in Count III for "Misappropriation of Trade Secrets" and specifically pled throughout the Amended Complaint that the David Insureds misappropriated confidential and proprietary business information. (Exhibit A at paras. 38 and 48).

12.    The Amended Complaint sought substantial amounts of punitive damages.  In Count I of the Amended Complaint, the plaintiffs sought $750,000 in punitive damages, in Count II the plaintiffs sought $500,000 in punitive damages, and in Count III, plaintiffs sought exemplary damages in an amount equal to two times the actual damages for that count.

13.     On January 14, 2004, the jury in the Mann Litigation entered a verdict against the David Insureds for $987,087.02, which included $525,000 for punitive damages and $462,087.02 for compensatory damages.

## THE UTICA POLICIES

14.     Utica issued primary policy No. BOP 1970612, with limits of $1,000,000 per personal or advertising injury offense, for the period of January 30, 2000, through January 30, 2001.

15.     A true and correct copy of the Utica Policy is attached hereto as Exhibit B.

16.     The Utica Policy provides that Utica:

> Will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. . . .

(Exhibit B, Businessowners Liability Coverage Form at A.1.a)

17.     In relevant part, the Utica Policy applies to:

> (a)     "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

> (b)     "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services.

(Exhibit B, Businessowners Liability Coverage Form at A.1.b.(2)).

18.     The Utica Policy defines "personal injury" to mean:

injury, other than "bodily injury," arising out of one or more of the following offenses:

> (a)     False arrest, detention or imprisonment;

> (b)     Malicious prosecution;

> (c)     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;

-4-

(d) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

(e) Oral or written publication of material that violates a person's right of privacy; or

(f) Discrimination or humiliation that results in injury to the feelings or reputation of a natural person, but only if such discrimination or humiliation:

(1) Is not done intentionally by or at the direction of:

a. The Insured; or

b. An "executive officer," partner, member or manager of yours; and

(2) Is not directly or indirectly related to the employment, prospective employment, or termination of employment of a person or persons by an insured.

(Exhibit B, Businessowners Liability Coverage Form at F.13)

19. The Utica Policy defines "advertising injury" to mean:

injury arising out of one or more of the following offenses:

(a) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

(b) Oral or written publication of material that violates a person's right of privacy;

(c) Misappropriation of advertising ideas or style of doing business; or

(d) Infringement of copyright, title or slogan.

(Exhibit B, Businessowners Liability Coverage Form at F.1.)

20. Utica issued umbrella policy No. CULP 1970613, with limits of $2,000,000 per incident, for the period of January 30, 2000, through January 30, 2001.

21. A true and correct copy of the Utica Umbrella Policy is included as Exhibit C.

22. The Utica Umbrella Policy provides that Utica:

Will pay those sums, in excess of the limits of liability under the terms of any "underlying insurance" that the insured becomes legally obligated to pay as damages because of "injury" or "wrongful act" to which this insurance applies, provided that the underlying insurance also applies. . . .

(Exhibit C, Commercial Umbrella Liability Coverage Form at Section 1, Coverage A, 1.a)

23.     The Utica Policy is listed on the schedule of underlying insurance on the Utica Umbrella Policy.   (Exhibit C, Commercial Umbrella Liability Declarations).

## UTICA'S RESERVATION OF RIGHTS

24.     By letter dated September 8, 2000, a copy of which is attached as Exhibit D, (the "Reservation of Rights"), Utica purported to reserve its right to "withdraw coverage and defense" for the Mann Litigation "at a later date."

25.     In the Reservation of Rights, Utica reserved its rights "due to the fact that the Complaint alleges intentional acts and violation of the Consumer Fraud and Deceptive Practices Act" and because the Complaint was seeking punitive damages "which are uninsurable under this policy." (See Exhibit D).

26.     The Reservation of Rights only quoted Utica Policy exclusion a. ("Expected or Intended Injury"), exclusion p. ("arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity" or "arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured"), exclusion q. ("arising out breach of contract, other than misappropriation of advertising ideas under an implied contract"), and definitions of "Personal Injury," "Advertising Injury," "Bodily Injury," "Occurrence," and "Property Damage." (See Exhibit D).

27.     In the Reservation of Rights, Utica informed the David Insureds that its defense had been "referred to the law firm of Kiesler & Berman."   (See Exhibit D).

28.     Also in the Reservation of Rights, Utica informed the David Insureds that they may, "at [their] own expense, hire a personal attorney to protect [them] for the punitive damages or any uncovered portions of this policy [sic]."   (See Exhibit D).

29.     On January 28, 2004, Utica sent a second reservation of rights, attached hereto as Exhibit E, which did not change Utica's position as set forth in its previous Reservation of Rights.

## COUNT I
## DECLARATORY JUDGMENT: DUTY TO DEFEND

30.     The David Insureds incorporate by reference and reallege paragraphs 1 through 28, inclusive, as though fully set forth herein.

31.     The David Insureds seek a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that Utica has and all times relevant herein had a duty to defend the David Insureds in connection with the Mann Litigation.

32.     Utica contends in the instant litigation that it had no obligation to defend the David Insureds in connection with the Mann Litigation, nor any continuing duty to defend, including the appeal of the Mann Litigation.

33.     An actual controversy exists between the David Insureds and Utica.

34.    The Utica Policy requires Utica to defend the David Insureds against any suit alleging "'personal injury' or 'advertising injury' to which this Insurance applies . . . ." (Exhibit B, Businessowners Liability Coverage Form at A.1.a)

35.    The Utica Policy provides that Utica will defend any suit alleging that the David Insureds are liable for "Personal Injury," defined in the Utica Policy as "oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services" "arising out of [their] business."    (Exhibit B, Businessowners Liability Coverage Form at A.1.b.(2)(a) and F.13).

36.    The Amended Complaint alleged that the David Insureds published oral or written material, in connection with their business, that slandered or libeled Mann or disparaged Mann's goods, products or services.  (Ex. A at paras. 20 and 27).

37.    The Complaint and Amended Complaint in the Mann Litigation alleged facts potentially covered as damages because of "personal injury" as defined in the Utica Policy.

38.    The Utica Policy also provides that Utica will defend any suit alleging that the David Insureds are liable for "Advertising Injury," defined by the Utica Policy as "misappropriation of advertising ideas or style of doing business" by the David Insureds, committed in the course of advertising of their goods, products or services in the United States. (Exhibit B, Businessowners Liability Coverage Form at A.1.b.(2)(b) and F.2).

39.    The Amended Complaint alleged that the David Insureds misappropriated advertising ideas or style of doing business, in the course of advertising of their goods, products or services.  (Ex. B at paras. 38 and 48).

40.     The Complaint and Amended Complaint in the Mann Litigation alleged facts potentially covered as damages because of "advertising injury" as defined in the Utica Policy.

41.     The David Insureds have complied with all conditions in the Utica Policy.

42.     The David Insureds contend that:

(a)     At all times relevant to the instant litigation, Utica has had a duty to defend the David Insureds in connection with the Mann Litigation  and any appeal thereof pursuant to the Utica Policy;

(b)     The Amended Complaint alleged that the David Insureds were potentially liable for damages because of "personal injury" or "advertising injury" as defined in the Utica Policy;

(c)     Utica must reimburse the David Insureds for all attorneys' fees incurred by the David Insureds following the entry of judgment in the Mann Litigation; and

(d)     The Amended Complaint sought damages from the David Insureds because of "personal injury" or "advertising injury," and such damages were not excluded by any policy provision or exclusion contained in the Utica Policy.

WHEREFORE, Plaintiffs pray that this Court adjudicate and determine the rights and liabilities of the parties hereto with respect to the Utica Policy and declare that:

(a)   Utica has a duty to defend the David Insureds in connection with the Mann Litigation, including any appeal thereof;

(b)   The allegations of the Amended Complaint plead that the David Insureds were potentially liable for damages because of "personal injury" or "advertising injury" to which the Utica Policy applies;

(c)   The Amended Complaint sought damages from the David Insureds because of "personal injury" or "advertising injury," and such damages were not excluded by any policy provision or exclusion contained in the Utica Policy;

(d)   Utica must reimburse the David Insureds for all attorneys' fees incurred by the David Insureds following the entry of judgment in the Mann Litigation;

(e)   Utica must pay for all costs associated with an appeal bond in the   Mann Litigation; and

(f)   The David Insureds are entitled to such other and further relief as the Court deems fit and proper.


## COUNT II
## DECLARATORY JUDGMENT: DUTY TO INDEMNIFY
## ESTOPPEL DUE TO UTICA'S BREACH

43.   The David Insureds incorporate by reference and reallege paragraphs 1 through 41, inclusive, as though fully set forth herein.

44.    At all times relevant to this action, Utica was and is obligated to defend the David Insureds in the Mann Action.

45.    On January 14, 2004, a jury entered judgment against the David Insureds for $987,087.02, which included $525,000 for punitive damages and $462,087.02 for compensatory damages.

46.    Under Illinois law, where the insurer has a duty to defend but there is a conflict between the interests of the insureds and the insurer, the insurer is not permitted to select counsel or direct the defense but must fulfill its duty to defend by reimbursing the insured for the cost of counsel selected by the insured ("independent counsel").

47.    In the Reservation of Rights, Utica purported to reserve its right to deny coverage for punitive damages.  (See Exhibit D).

48.    When Utica reserved its rights to deny coverage for the substantial amount of punitive damages sought by Mann in the Mann Litigation, Utica created a conflict of interest that precluded it from selecting counsel to defend the David Insureds or controlling the David Insureds' defense.

49.    In the Reservation of Rights, Utica purported to reserve its right to deny coverage for intentional acts.

50.    When Utica reserved its rights to deny coverage for intentional acts, Utica created a conflict of interest that precluded it from selecting counsel to defend the David Insureds or controlling the David Insureds' defense.

51.     As such, Utica was not permitted to select counsel or direct the David Insureds' defense.

52.     Under Illinois law, Utica was required to inform the David Insureds that the Reservation of Rights gave rise to conflicts of interest between Utica and the David Insureds.

53.     Under Illinois law, Utica's Reservation of Rights required it to inform the David Insureds that they were entitled to independent counsel and that Utica would reimburse the David Insureds for the cost of independent counsel, as incurred.

54.     At no time did Utica inform the David Insureds that its Reservation of Rights gave rise to a conflict of interest.

55.     At no time did Utica inform the David Insureds that they were entitled to independent counsel and that Utica would reimburse the David Insureds for the cost of independent counsel, as incurred.

56.     Instead, Utica appointed the Kiesler & Berman firm to defend the David Insureds in the Mann Litigation and specifically misinformed the David Insureds that they would have to retain counsel at their own expense.

57.     Utica's failure to disclose the conflicts of interest to the David Insureds rendered the Reservation of Rights ineffective.

58.     Moreover, Utica's control of the David Insureds' defense was a breach of Utica's obligation to allow the David Insureds to select independent counsel and to reimburse the David Insureds for their defense costs, as incurred.

59.     Because Utica breached its duty to reimburse and defended the David Insureds without a valid reservation of rights, Utica is now estopped from relying on coverage defenses.

60.     Utica's control of the David Insureds' defense in the Mann Litigation without disclosing the conflicts of interest created by its Reservation of Rights prejudiced the David Insureds.

61.     Utica's failure to advise the David Insureds that they were entitled to independent counsel and that Utica would reimburse the David Insureds for the cost of independent counsel, as incurred, prejudiced the David Insureds.

62.     The David Insureds seek a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that Utica is now estopped from asserting any coverage defense for the judgment issued against the David Insureds in the Mann Litigation.

63.     The David Insureds contend that:

(a)     The Reservation of Rights gave rise to two separate conflicts of interest.

(b)     Utica's failure to disclose these conflicts of interest and advise the David Insureds that they were entitled to independent counsel and that Utica would reimburse the David Insureds for the cost of independent counsel, as incurred, voided the Reservation of Rights;

(c)     Utica's control of the David Insureds' defense was a breach of Utica's duty to allow the David Insureds to select independent counsel and to reimburse the David Insureds for the costs of defense, as incurred;

(d)     Since Utica defended the David Insureds without an effective reservation of rights and breached its duty to allow the David Insureds to select independent counsel and to reimburse the David Insureds for the costs of defense, as incurred, Utica is now estopped from raising any coverage defenses as to its duty to indemnify the David Insureds for the judgment entered against them in the Mann Litigation;

(e)     Utica has an obligation to indemnify the David Insureds for the entire judgment reached in the Mann Litigation, up to the limits of the Utica Policies; and

(f)     Utica must post the Utica Policies in lieu of a bond in connection with the appeal of the Mann Litigation.

WHEREFORE, the David Insureds respectfully pray that this Court enter a declaratory judgment finding that:

(a)     The Reservation of Rights gave rise to two separate conflicts of interest.

(b)     Utica's failure to disclose these conflicts of interest and advise the David Insureds that they were entitled to independent counsel and that Utica would reimburse the David Insureds for the cost of independent counsel, as incurred, voided the Reservation of Rights;

(c)     Utica's control of the David Insureds' defense was a breach of Utica's duty to allow the David Insureds to select independent counsel and to reimburse the David Insureds for the costs of defense, as incurred;

(d)      Since Utica defended the David Insureds without an effective reservation of rights and breached its duty to allow the David Insureds to select independent counsel and to reimburse the David Insureds for the costs of defense, as incurred, Utica is now estopped from raising any coverage defenses as to its duty to indemnify the David Insureds for the judgment entered against them in the Mann Litigation;

(e)      Utica has an obligation to indemnify the David Insureds for the entire judgment reached in the Mann Litigation, up to the limits of the Utica Policies;

(f)      Utica must post the Utica Policies in lieu of a bond in connection with the appeal of the Mann Litigation; and

(g)      The David Insureds are entitled to such other and further relief as the Court deems fit and proper.

## COUNT III
## DECLARATORY JUDGMENT: DUTY TO INDEMNIFY
## ESTOPPEL BY KIESLER & BERMAN'S BREACH

64.      The David Insureds incorporate by reference and reallege paragraphs 1 through 62, inclusive, as though fully set forth herein.

65.      The David Insureds seek a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that Utica is now estopped from asserting any coverage defense for the judgment issued against the David Insureds in the Mann Litigation.

66.     Utica retained Kiesler & Berman to defend the David Insureds, which thereby became a client of Kiesler & Berman.

67.     Kiesler & Berman was Utica's agent and Utica's counsel.

68.     Under Illinois law and the Illinois Rules of Professional Responsibility, Kiesler & Berman had three clients -- Utica and both of the David Insureds -- and was required to disclose to the David Insureds that the Reservation of Rights created conflicts of interest between its clients that prohibited Kiesler & Berman from defending the David Insureds without first fully informing the David Insureds of the conflicts of interest and obtaining the David Insureds' informed consent to waive the conflicts.

69.     Kiesler & Berman never disclosed to the David Insureds that the Reservation of Rights created conflicts of interest between its clients that prohibited Kiesler & Berman from defending the David Insureds without first fully informing the David Insureds of the conflicts of interest and obtaining the David Insureds' informed consent to waive the conflicts.

70.     Kiesler & Berman never advised the David Insureds that they were entitled to independent counsel and that Utica had the obligation to reimburse the David Insureds for the cost of independent counsel, as incurred.

71.     Kiesler & Berman's conduct in connection with its defense of the David Insureds is imputed to Utica.

72.     The David Insureds contend that:

(a)    The Reservation of Rights gave rise to two conflicts of interest between Utica and the David Insureds;

(b)    Kiesler & Berman's failure to disclose these conflicts of interest and advise the David Insureds that they were entitled to independent counsel and that Utica had the obligation to reimburse the David Insureds for the cost of independent counsel, as incurred, had the effect of voiding the Reservation of Rights, making Utica fully liable to indemnify the David Insureds in the Mann Litigation;

(c)    Since Kiesler & Berman defended the David Insureds without an effective consent and waiver, the only cure is to void the Reservation of Rights as to any coverage defenses as to Utica's duty to indemnify the David Insureds for their liability arising from the Mann Litigation;

(d)    Utica has an obligation to indemnify the David Insureds for the entire judgment reached in the Mann Litigation, up to the limits of the Utica Policies; and

(e)    Utica has an obligation to post the Utica Policies in lieu of a bond in connection with the appeal of the Mann Litigation.

WHEREFORE, the David Insureds respectfully pray that this Court enter a declaratory judgment finding that:

(a)    The Reservation of Rights gave rise to two conflicts of interest between Utica and the David Insureds;

-17-

(b)     Kiesler & Berman's failure to disclose these conflicts of interest and advise the David Insureds that they were entitled to independent counsel and that Utica had the obligation to reimburse the David Insureds for the cost of independent counsel, as incurred, had the effect of voiding the Reservation of Rights, making Utica fully liable to indemnify the David Insureds in the Mann Litigation;

(c)     Since Kiesler & Berman defended the David Insureds without an effective consent and waiver, the only cure is to void the Reservation of Rights as to any coverage defenses as to Utica's duty to indemnify the David Insureds for their liability arising from the Mann Litigation;

(d)     Utica has an obligation to indemnify the David Insureds for the entire judgment reached in the Mann Litigation, up to the limits of the Utica Policies;

(e)     Utica has an obligation to post the Utica Policies in lieu of a bond in connection with the appeal of the Mann Litigation; and

(f)     The David Insureds are entitled to such other and further relief as the Court deems fit and proper.

**COUNT IV**
**DECLARATORY JUDGMENT: DUTY TO INDEMNIFY**
**IN THE ALTERNATIVE, THE UTICA POLICY COVERS THE COMPENSATORY**
**DAMAGES PORTION OF THE MANN JUDGMENT**

73.     The David Insureds incorporate by reference and reallege paragraphs 1 through 71, inclusive, as though fully set forth herein.

74.     Even if Utica is not estopped from raising coverage defenses, Utica must indemnify the David Insureds for the compensatory damages portion of the judgment in the Mann Litigation.

75.     On January 14, 2004, a jury awarded Mann compensatory damages on Count II (Invasion of Privacy – Defamation) for $45,000 and compensatory damages on Count III (Misappropriation of Trade Secrets) for $417,087.02.

76.     Also on January 14, 2004, a jury awarded Mann attorneys' fees and costs of the Mann Litigation on Count V (Deceptive Trade Practices).

77.     The David Insureds seek a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that the Utica Policy covers the entire compensatory damages portion of the judgment in the Mann Litigation.

78.     The Utica Policy provides coverage for "those sums that the Insured becomes legally obligated to pay as damages because of . . . 'personal injury or advertising injury' to which this Insurance applies . . . ."  (Exhibit B, Businessowners Liability Coverage Form at A.1.a).

79.     The judgment in the Mann Litigation constitutes "sums that the Insured becomes legally obligated to pay as damages."

80.     The David Insureds became legally obligated to pay compensatory damages because of "personal injury," in Count II, in the amount of $45,000, as the term is defined in the Utica Policy.

81.     The David Insureds became legally obligated to pay compensatory damages because of "advertising injury," in Count III, in the amount of $417,087.02, as the term is defined in the Utica Policy.

82.     No exclusion in the Utica Policy bars coverage for the compensatory damages portion of the judgment in the Mann Litigation.

83.     The David Insureds have complied with all conditions in the Utica Policy.

84.     The David Insureds contend that:

(a)     The Utica Policy covers the compensatory damages portion of the judgment in the Mann Litigation;

(b)     No exclusion in the Utica Policy bars coverage for any portion of the compensatory damages portion of the judgment in the Mann Litigation;

(c)     The David Agency complied with all conditions in the Utica Policy;

(d)     Utica must post the Utica Policies in lieu of a bond in connection with the appeal of the Mann Litigation; and

(e)     Utica has an obligation to indemnify the David Insureds for the entire compensatory damages portion of the judgment in the Mann Litigation, up to the limits of the Utica Policy.

WHEREFORE, the David Insureds respectfully pray that this Court enter a declaratory judgment finding that:

(a)    The Utica Policy covers the compensatory damages portion of the judgment in the Mann Litigation;

(b)    No exclusion in the Utica Policy bars coverage for any portion of the compensatory damages portion of the judgment in the Mann Litigation;

(c)    The David Agency complied with all conditions in the Utica Policy;

(d)    Utica has an obligation to indemnify the David Insureds for the entire compensatory damages portion of the judgment in the Mann Litigation, up to the limits of the Utica Policy;

(e)    Utica must post the Utica Policies in lieu of a bond in connection with the appeal of the Mann Litigation; and

(f)    The David Insureds are entitled to such other and further relief as the Court deems fit and proper.

## COUNT V
## DECLARATORY JUDGMENT: DUTY TO INDEMNIFY
## IN THE ALTERNATIVE, THE UTICA POLICY COVERS THE PUNITIVE DAMAGES
## PORTION OF THE MANN JUDGMENT

85.    The David Insureds incorporate by reference and reallege paragraphs 1 through 83, inclusive, as though fully set forth herein.

86.     Even if Utica is not estopped from raising coverage defenses, Utica must indemnify the David Insureds for the punitive damages portion of the judgment in the Mann Litigation.

87.     On January 14, 2004, the jury awarded $350,000 for punitive damages on Count III (Misappropriation of Trade Secrets) and $175,000 on Count I (Invasion of Privacy – Defamation).

88.     The David Insureds seek a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that the Utica Policy covers the entire punitive damages portion of the judgment in the Mann Litigation.

89.     The Utica Policy provides coverage for "those sums that the Insured becomes legally obligated to pay as damages because of . . . 'personal injury or advertising injury' to which this Insurance applies . . . ." (Exhibit B, Businessowners Liability Coverage Form at A.1.a).

90.     The judgment in the Mann Litigation constitutes "sums that the Insured becomes legally obligated to pay as damages."

91.     The David Insureds became legally obligated to pay punitive damages because of "personal injury," in Count II, in the amount of $175,000, as the term is defined in the Utica Policy.

92.     The David Insureds became legally obligated to pay punitive damages because of "advertising injury," in Count III, in the amount of $350,000, as the term is defined in the Utica Policy.

93.     The judgment in the Mann Litigation constitutes "sums that the Insured becomes legally obligated to pay as damages.

94.     No exclusion in the Utica Policy bars coverage for the punitive damages portion of the judgment in the Mann Litigation.

95.     The David Insureds have complied with all conditions in the Utica Policy.

96.     The David Insureds contend that:

(a)     The Utica Policy covers the punitive damages portion of the judgment in the Mann Litigation;

(b)     No exclusion in the Utica Policy bars coverage for any portion of the punitive damages portion of the judgment in the Mann Litigation;

(c)     The David Agency complied with all conditions in the Utica Policy;

(d)     Utica has an obligation to indemnify the David Insureds for the entire punitive damages portion of the judgment in the Mann Litigation, up to the limits of the Utica Policy; and

(e)     Utica must post the Utica Policies in lieu of a bond in connection with the appeal of the Mann Litigation.

WHEREFORE, the David Insureds respectfully pray that this Court enter a declaratory judgment finding that:

(a)     The Utica Policy covers the punitive damages portion of the judgment in the Mann Litigation;

(b)     No exclusion in the Utica Policy bars coverage for any portion of the punitive damages portion of the judgment in the Mann Litigation;

(c)     The David Agency complied with all conditions in the Utica Policy;

(d)     Utica has an obligation to indemnify the David Insureds for the entire punitive damages portion of the judgment in the Mann Litigation, up to the limits of the Utica Policy;

(e)     Utica must post the Utica Policies in lieu of a bond in connection with the appeal of the Mann Litigation; and

(f)     The David Insureds are entitled to such other and further relief as the Court deems fit and proper.

## COUNT VI
## DECLARATORY JUDGMENT: UTICA'S BREACH OF THE DUTY TO INDEMNIFY

97.     The David Insureds incorporate by reference and reallege paragraphs 1 through 95, inclusive, as though fully set forth herein.

98.     By letter dated January 30, 2004, a copy of which is attached hereto as Exhibit F, the David Insureds demanded that Utica acknowledge that it had no effective reservation of rights and, therefore owed the David Insureds the duty to indemnify them for the entire judgment entered in the Mann Litigation, and that Utica should post the Utica Policies in lieu of an appellate bond in order to prevent Mann from executing on the judgment.

99.     Utica refused to acknowledge that it had defended the David Insureds without an effective reservation of rights and therefore owed the David Insureds the duty to indemnify them for the entire judgment entered in the Mann Litigation.

100.    Utica's refusal to acknowledge that it owed the David Insureds the duty to indemnify them is a breach of its duty to indemnify.

101.    The David Insureds have suffered damages, and will suffer damages, by reason of Utica's failure to acknowledge that it owed the David Insureds the duty to indemnify them, including, but not limited to, injury to their credit reputation, incurring attorneys fees in connection with the instant litigation, the expenses of procuring an appeal bond, and the collaterization of an appeal bond.

102.    The David Insureds contend that:

(a)     Utica defended them without an effective reservation of rights;

(b)     Utica owes the David Insureds a duty to indemnify for the entire judgment entered in the Mann Litigation;

(c)     Utica must post the Utica Policies in lieu of a bond in connection with the appeal of the Mann Litigation;

(d)     Utica has breached its duty to indemnify the David Insureds; and

(e)     Utica is liable for all damages resulting from Utica's breach of its duty to indemnify.

WHEREFORE, the David Insureds respectfully pray that this Court enter a declaratory judgment finding that:

(a)     Utica defended them without an effective reservation of rights;

(b)     Utica owes the David Insureds a duty to indemnify for the entire judgment entered in the Mann Litigation;

(c)     Utica must post the Utica Policies in lieu of a bond in connection with the appeal of the Mann Litigation;

(d)     Utica has breached its duty to indemnify the David Insureds;

(e)     Utica is liable for all damages resulting from Utica's breach of its duty to indemnify; and

(f)     The David Insureds are entitled to such other and further relief as the Court deems fit and proper.

Respectfully submitted,

Jill B. Berkeley
Seth D. Lamden
SCHIFF HARDIN LLP
6600 Sears Tower, 233 South Wacker Drive
Chicago, IL  60606
(312) 258-5500

Dated: March 1, 2004

# SEE CASE FILE FOR EXHIBITS